Drake, Cli. J.,
delivered the opinion of the court:
To establish his standing in this court the claimant, at the trial, offered in evidence a warrant of pardon issued to him by the President of the United States on the 18th of March, 1867, and accepted by the claimant in writing on the 2d of April, 1867, which pardon was, by its own terms, declared ll to be of no effect until the said Harry Háym shall take the oath prescribed in the proclamation of the President, dated May 29, 1865.”
Annexed to said warrant is a copy of an amnesty oath taken by the claimant on the 13th of July, 1865, which, at the trial, it was contended was substantially a compliance with the above condition.
We do not so hold. He who claims the benefit of a pardon must be held to strict compliance with its conditions. A requirement in a pardon of an oath to be taken after its issue, is' not met by showing an oath of the same character taken before its issue. The precedent oath may have been violated, and the pardon may have been sought because of that violation. This condition not having been complied with, the pardon never took effect.
*444 If, therefore, the. claimant’s standing here rested on that pardon alone, he could not maintain this action.
But, under the decision of the Supreme Court in Klein’s Oase, the President’s amnesty proclamation of December 25, 1868, entitles all who gave aid or comfort to the rebellion to prosecute their claims in this court, and we are bound by that decision.
The claimant’s case is, in other respects, sufficiently made out. His ownership, and the seizure and sale by the United States military forces, of three hundred and sixty bales of upland cotton, and forty-two bales of sea-island cotton, and the payment of the proceeds thereof into the Treasury, are established.
He is therefore entitled to judgment for those amounts of cotton, at the rate of $175 33 per bale for upland, and $231 79 per bale for sea-island, being, in the aggregate, $72,853 98.